**OK NAM KIM, Appellant**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 5-90

October 4, 1990

Before KRUSE, Chief Justice, and REES, Associate Justice.

Counsel: For Appellant, Togiola T.A. Tulafono
 For Appellee, Jeffrey Buckner, Assistant Attorney General

This appeal concerns whether appellant, who has been charged with Driving Under the Influence, is entitled to a Korean-English interpreter at government expense.

Appellant now moves to strike a set of "Additional Facts" included by the District Court as part of the record on appeal. Appellant primarily urges that appellee did not object to the statement of facts originally submitted by appellant and subsequently adopted by the District Court, and that the District Court had no jurisdiction to add to its statement of facts after the appeal had been docketed.

The judges hearing the present motion are of the opinion that the Appellate Division is without jurisdiction to entertain this appeal, because

1

the court below has rendered no final judgment. Rather, the trial was continued so that appellant could bring an appeal from the District Court's denial of his motion for appointment of an interpreter.

As counsel for appellee pointed out at the argument of this motion, no motion to dismiss the appeal is presently before the Court. The appeal itself is set for oral argument at the regular session of the Appellate Division tentatively scheduled for the week of October 29, 1990. The government's brief on the merits does include an argument that the Court has no jurisdiction to hear the appeal. We believe the decision on whether to dismiss the appeal for want of jurisdiction should be made after oral argument before a regularly constituted panel of the Appellate Division. It would be inappropriate, however, for the judges hearing the present motion to grant interim relief with respect to a matter in which we believe ourselves to be without jurisdiction. Accordingly, we will defer any judgment on the motion to strike until the regular session of the Appellate Division.

We recognize that this may create difficulties for counsel, who must be prepared to argue the merits of the appeal both on the original statement of facts and on the statement of facts as amended. We note, however, that the arguments on the legal issues before the Court should not be greatly affected by any decision on whether to include the additional facts. Neither of the questions before the Appellate Division --- whether the Appellate Division has jurisdiction over the appeal and, if so, whether a non-indigent criminal defendant has the right to a Korean-English interpreter at government expense --- would appear to turn on any of the facts included in the Statement of Additional Facts. Appellant concedes that he is not indigent, and neither the original statement of facts nor the additional one tells us whether or to what extent appellant speaks and understands English or Samoan.

The motion to strike is consolidated for argument with the merits of the appeal.

It is so ordered.